IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.D. FIELDS & COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-12-1918 |
| NUCOR-YAMATO STEEL COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Nucor-Yamato Steel Company's ("Nucor") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Memorandum in Support ("Motion to Dismiss") (Docket Entry No. 20). Without deciding Nucor's motion to dismiss, for the reasons explained below, the court will grant Nucor's motion to transfer this action to the United States District Court for the Eastern District of Arkansas.

**I. Background**

Plaintiff J.D. Fields & Company, Inc. ("Fields"), a Texas corporation with its principal place of business in Houston, Texas, is a supplier of structural steel products known as H-pilings.[1] Defendant Nucor, a limited partnership with its principal place of

---

[1] Complaint, Docket Entry No. 1, pp. 2-3, ¶¶ 4, 8.

business in Blytheville, Arkansas, is a manufacturer of H-pilings.[2] In May of 2005 Fields and Nucor entered into a supply agreement (the "Agreement") in which Fields agreed to purchase from Nucor all of Fields' requirements for H-pilings for seven years.[3] In the Agreement the parties agreed to the following: "Except as otherwise specifically set forth in this Agreement, the purchase and sale of Products by [Fields] from [Nucor] is subject to the terms and conditions of sale which appear on <u>Exhibit 2</u>, attached hereto and incorporated herein by reference."[4]  Exhibit 2 provides:

> This agreement shall be governed by the laws of Arkansas. [Fields], acting for itself and its successors and assigns, hereby expressly and irrevocably consents to the exclusive jurisdiction of the state and federal courts of Arkansas for any litigation which may arise out of or be related to this agreement.[5]

The Agreement also contained a choice of law clause separate from the terms and conditions of sale:  "This Agreement shall be governed by the laws of the State of Arkansas without regard to its choice of law provisions."[6]

---

[2]<u>Id.</u> at 2-3, ¶¶ 5, 7.

[3]<u>Id.</u> at 3, ¶ 8.

[4]Nucor-Yamato Steel Company Supply Agreement ("Agreement"), Ex. A to Motion to Dismiss, Docket Entry No. 20-2, ¶ 4.

[5]Exhibit 2 - Terms and Conditions of Sale, attached to Agreement, Ex. A to Motion to Dismiss, Docket Entry No. 20-2, p. 12, ¶ 12.

[6]Agreement, Ex. A to Motion to Dismiss, Docket Entry No. 20-2, ¶ 10.

Based on a prior course of dealing with Nucor, Fields alleges that it relied on reasonable assurances from Nucor that Fields would receive pricing equal to that which Nucor offered other purchasers in the relevant market.[7] Fields further alleges that Nucor engaged in a pattern of providing preferential pricing to Skyline Steel, L.L.C. ("Skyline"), another purchaser in the relevant market, thereby placing Fields at a competitive disadvantage.[8]

Fields filed suit against Nucor in this court on June 26, 2012, bringing claims for violations of the Robinson-Patman Act, 15 U.S.C. § 13,[9] tortious interference with contract,[10] conspiracy,[11] fraudulent misrepresentation,[12] negligent misrepresentation,[13] and breach of contract.[14] On August 20, 2012, Nucor filed the pending Motion to Dismiss, urging the court to dismiss the action pursuant either to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Nucor or Rule 12(b)(3) for improper

---

[7]Complaint, Docket Entry No. 1, pp. 3-4, ¶ 12.

[8]Id. at 4-5, ¶¶ 14-15.

[9]Id. at 7-8, ¶¶ 25-29.

[10]Id. at 8, ¶¶ 30-32.

[11]Id. at 8-9, ¶¶ 33-36.

[12]Id. at 9-12, ¶¶ 37-46.

[13]Id. at 12, ¶¶ 47-49.

[14]Id. at 12-13, ¶¶ 50-54.

venue.[15]  In the alternative, Nucor argues that the action should be transferred to the United States District Court for the Eastern District of Arkansas.  Fields filed a response on September 24, 2012, arguing that the court may exercise personal jurisdiction over Nucor and that venue is proper.[16]  Nucor filed a reply in support of the Motion to Dismiss on October 5, 2012.[17]

## II.  Motion to Transfer

The parties dispute whether Nucor is subject to this court's personal jurisdiction and whether this court is a proper venue. Although Fields has presented arguments as to the propriety of both personal jurisdiction and venue, the court concludes that transfer to the Eastern District of Arkansas is the most appropriate remedy.

### A.  Applicable Law

Section 1404 allows district courts to transfer an action to another venue "where it might have been brought" "for the convenience of parties and witnesses" if such a transfer will be "in the interest of justice."  28 U.S.C. § 1404(a).  The

---

[15] Motion to Dismiss, Docket Entry No. 20, pp. 1-2.

[16] Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Memorandum in Support ("Plaintiff's Response"), Docket Entry No. 25, pp. 2-4, ¶¶ 1-5.

[17] Defendant's Reply Memorandum in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Defendant's Reply"), Docket Entry No. 28.

preliminary question under § 1404(a) is thus whether a civil action might have been brought in the proposed venue. Whether a venue is proper is determined under 28 U.S.C. § 1391 when no special, restrictive venue statute applies. See 28 U.S.C. § 1391(a)(1) ("Except as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States . . . ."). If venue in the proposed district would have been proper, the court must then determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008). The Fifth Circuit has observed that because a plaintiff's choice of forum should bear some weight in a transfer analysis, the movant must show "good cause" in order to obtain a transfer. Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53, 56 (5th Cir. 1963). To show "good cause" the movant must show that the desired venue is "clearly more convenient" than the venue chosen by the plaintiff:

> [W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

In re Volkswagen, 545 F.3d at 315.

The Fifth Circuit has provided a set of non-exhaustive private and public interest factors, none of which are given dispositive weight, for courts to use in determining whether a given venue is

"clearly more convenient" than another. Id. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Id. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws and of the application of foreign law. Id. If a forum selection clause exists, it "will be a significant factor that figures centrally in the district court's calculus." Stewart Organization, Inc. v. Ricoh Corp., 108 S. Ct. 2239, 2244 (1988).

**B. Analysis**

   1. Whether Venue is Proper in the Eastern District of Arkansas

The preliminary question in considering Nucor's transfer motion is whether the action could properly have been brought in the Eastern District of Arkansas under 28 U.S.C. § 1391. Section 1391 provides that a civil action may be brought in "a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1). For purposes of venue, "an entity with the capacity to sue and be sued in its common name under applicable law . . . shall be deemed to reside, if a defendant, in any judicial district in which such

defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Nucor is a limited partnership with the capacity to sue and be sued under its common name, and is subject to personal jurisdiction where it maintains its principal place of business in Arkansas. The court is therefore satisfied that this action could properly have been brought in the Eastern District of Arkansas under 28 U.S.C. § 1391.

### 2. Private Interest Factors

As the moving party, Nucor must show that the Eastern District of Arkansas is "clearly more convenient" than the Southern District of Texas. The private interest factors that courts consider regarding the convenience of parties and witnesses are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Nucor has submitted a declaration from its Controller stating that the pertinent documents concerning Nucor's sales of H-pilings to Fields, Skyline, and other customers are located at its principal place of business in Blytheville, Arkansas.[18] Furthermore, the Nucor and Skyline employees who have knowledge

---

[18] Declaration of Keith Prevost, Ex. 1 to Motion to Dismiss, Docket Entry No. 20-2, ¶ 13.

about the facts underlying this dispute are located in Arkansas.[19] Finally, Nucor argues that there are no potential trial witnesses located in the Southern District of Texas other than Fields' own officers and employees.[20] Fields has not provided any evidence relating to the private interest factors. The court therefore concludes that the private interest factors support transfer.

### 3. Public Interest Factors

The relative convenience of the proposed transferee venue also depends on public interest factors. Courts consider the following public interest factors in determining whether to grant a venue transfer: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws and of the application of foreign law. The first two factors appear to be neutral because there is no apparent problem with court congestion in either district and both districts reasonably possess a localized interest in the dispute. But the district court in Arkansas is undoubtedly more familiar with Arkansas law, which will apply to this case pursuant to the parties' agreed choice of law provision. Similarly, an Arkansas

---

[19]Motion to Dismiss, Docket Entry No. 20, p. 18.

[20]Id.

forum will more easily avoid unnecessary problems of conflict of laws. Fields has not provided evidence regarding the public interest factors. The court thus concludes that because both the public and private interest factors support transfer of this action, Nucor has shown that the Eastern District of Arkansas is "clearly more convenient."

4. <u>Forum Selection Clause</u>

The existence of a forum selection clause is also a "significant factor" in the transfer analysis. <u>See</u> <u>Stewart</u>, 108 S. Ct. at 2244. The Agreement incorporated the terms and conditions of sale from Exhibit 2, which included a forum selection clause. Under Arkansas law, "[w]hen a contract refers to another writing and makes the terms of that writing a part of the contract, the two documents become a single agreement between the parties and must be construed together." <u>Ingersoll-Rand Co. v. El Dorado Chemical Co.</u>, 283 S.W.3d 191, 196 (Ark. 2008). The forum selection clause was thus part of a single agreement between the parties. Moreover, the language in the forum selection clause renders Arkansas the exclusive venue for any litigation arising out of the agreement. <u>See</u> <u>City of New Orleans v. Municipal Administrative Servs., Inc.</u>, 376 F.3d 501, 504 ("For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."). Therefore,

the court concludes that the existence of the forum selection clause also supports transfer to the Eastern District of Arkansas.

## C.   Transfer Under § 1406

Even if Nucor is not subject to personal jurisdiction or if venue is not proper in this district, transfer -- not dismissal -- would be most appropriate under 28 U.S.C. § 1406. Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." If venue is improper in this district, the court therefore concludes that transfer under § 1406 is appropriate in the interest of justice. Similarly, § 1406 would be triggered if the court lacked personal jurisdiction over Nucor. See Dubin v. United States, 380 F.2d 813 (5th Cir. 1967) (holding that if personal jurisdiction cannot be obtained in a venue, that venue is thus the "wrong division or district"). Personal jurisdiction is not required for the court to transfer a case to another federal court. See Goldlawr, Inc. v. Heiman, 82 S. Ct. 913, 915 (1962) ("Nothing in [§ 1406] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history . . . ."). If Nucor is not subject to

personal jurisdiction in this district, the court thus concludes that transfer under § 1406 is appropriate in the interest of justice.

### III. Conclusion and Order

Considering the relevant private and public interest factors and the forum selection clause, the court concludes that transfer under 28 U.S.C. § 1404 to the Eastern District of Arkansas is appropriate.  Furthermore, the court concludes that transfer under 28 U.S.C. § 1406 would also be appropriate if Nucor is not subject to personal jurisdiction or if venue is improper in this district.

Because the court is granting Nucor's motion to transfer, Nucor's motion to dismiss for lack of personal jurisdiction and for improper venue is **MOOT**.  Accordingly, Nucor's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Docket Entry No. 20) is **GRANTED IN PART**, and this action is **TRANSFERRED** to the United States District Court for the Eastern District of Arkansas.

**SIGNED** at Houston, Texas, on this 4th day of December, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE